UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20702-Cr-MARTINEZ/OTAZO-REYES

UNITED STATES OF AMERICA

v.

HANSON RICHARD LARKIN,

        Defendant.
_____/

## STIPULATED FACTUAL BASIS

The United States and HANSON RICHARD LARKIN ("the Defendant") hereby stipulate and agree that had this matter proceeded to trial, the United States would have offered evidence and testimony to establish the following factual basis beyond a reasonable doubt:

The Defendant, who resided in DeLand, Florida, met an individual (referred to herein as L.R.) online around 2017, and over time, they became friends, communicating via text, phone, and various social media outlets, including Facebook. L.R. resided in Miami-Dade County, in the Southern District of Florida. This friendship did not include any in-person interactions between the Defendant and L.R. During the over two year period leading up to August 25, 2019, that the Defendant and L.R. were communicating with each other, the Defendant had on a number of occasions told L.R. about the Defendant's hatred of Jews,

In early 2019, the Defendant told L.R. that he had started working his first job and was going to travel to Miami when he got his first paycheck. L.R. told the Defendant that

1

*Court Exhibit #1*

this was not a good idea. Despite this, the Defendant repeatedly expressed via text message his intent to travel to Miami, Florida to meet with L.R. even though L.R. repeatedly urged him not to come because he did not want to meet with the Defendant.

On or about August 2, 2019, the Defendant sent a text message to L.R. stating, "did you find out about the tenth." On or about August 6, 2019, the Defendant again texted L.R and expressed his desire to meet with L.R. in Miami. L.R. subsequently advised the Defendant that doing so would not be a good idea, further stating, "I do not feel right about it, and as your friend, am asking you to respect my wishes, please?"

On or about August 24, 2019, the Defendant traveled from DeLand, Florida, to Miami, Florida via Amtrak train. On or about August 25, 2019, while the Defendant was in the Southern District of Florida, he texted L.R.'s address to L.R., stating, "eh? I'm coming right now." When L.R. responded that he was calling the police, the Defendant texted, "Come say hi for five seconds then I'll leave…I'm right outside your door…In knocking now." L.R. was scared by this text, but was not home at the time, and does not know if the Defendant actually was at his house.

While still in the Southern District of Florida on August 25, 2019, the Defendant sent to L.R. the following series of text messages that contained a threat to injure the person of another: (a) "…I bought a gun with my first paycheck If I don't meet you I will be forced to use it." (b) "I told you how much I hate Jews right?" (c) "If meeting me for five seconds is not worth the lives of multiple Jews than I have no other option." (d) "There's a chabad near me. And Amtrak has no security for weapon. Don't make me make a choice theyll regret." (e) "Ok so then we meet and no dead Jews?" L.R. took these threats

2

seriously and believed that these threats against the Jewish community were real, and had contacted both the West Miami Police Department and the Hialeah Police Department as a result of the Defendant's text messages.

Taken in the context of the Defendant's previous repeated statements about his hatred of Jews, the Defendant knew that this series of text messages sent on August 25, 2019, would be viewed as a threat by L.R., and these text messages were intended to coerce L.R. into meeting the Defendant in person despite L.R.'s repeated refusals. The Defendant then remained in the Southern District of Florida until returning to DeLand via Amtrak on August 26, 2019.

The specific text messages containing the threats to injure and kill Jews charged in the Information, as well as other text messages sent by the Defendant to L.R. while the Defendant was in the Southern District of Florida on August 25, 2019, were processed by Verizon Wireless switches in the state of Michigan before being routed to L.R.'s telephone in this district. As a result, these threatening communications travelled across state lines and thus were transmitted in interstate commerce.

The United States and the Defendant agree that this Stipulated Factual Basis, while not containing all facts known to the United States, is sufficient to satisfy all of the elements establishing the guilt of the Defendant to the crime charged in the Information.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 11/6/19    By: *(signature)*
Edward N. Stamm
Assistant United States Attorney

Date: 11/6/19    By: *(signature)*
Maria K. Medetis
Assistant United States Attorney

Date: 11/6/2019    By: *(signature)*
Michael H. Lambert
Attorney for Defendant

Date: 11/6/19    By: *(signature)*
Hanson Richard Larkin
Defendant