UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA

V.                                                                       CASE NO.    1:19-mj-20702-CR-
                                                                                                MARTINEZ/OTAZO-REYES

HANSON RICHARD LARKIN,
          Defendant.
_____/

## MOTION TO DETERMINE PRESENT MENTAL CONDITION
## OF CONVICTED PERSON

Pursuant to 18 U.S. Code §4244, the Defendant, Hanson Larkin, by and through his undersigned counsel, respectfully requests this Honorable Court to order a psychiatric/psychological examination of Hanson Larkin be conducted pursuant to the provisions of 18 U.S. Code §4247(b)(c). As grounds therefore, the Defendant's counsel would allege:

1.    Based upon multiple meetings with the Defendant, Hanson Larkin, undersigned counsel believes that he is presently suffering from a mental disease or defect. In support thereof, the Defendant, Hanson Larkin, since the age of 13 (he is currently 26 years of age) has been diagnosed with numerous mental diseases, disorders and illnesses, to include Asperger Syndrome (AS), Major Depressive Disorder (MDD), Attention Deficit Disorder (ADHD), Bipolar Disorder II, and Anxiety Disorder.

2.    Since the age of 13, the Defendant, Hanson Larkin, currently 26 years of age, has attempted suicide on at least three occasions. Those efforts have included consuming multiple pills, jumping off a bridge in Pittsburgh, Pennsylvania, into a cascading river during the month of November, and cutting his inner arm.

3.	The Defendant, Hanson Larkin, has often informed his counsel that he has nothing to live for, and that he would rather die.

4.	The Defendant, Hanson Larkin, has lived with his parents when not in an institution. Though the Defendant was regularly receiving counseling, he stopped taking his medications just prior to this incident.

5.	The Defendant's parents always felt Hanson was their responsibility rather than a state facility.

6.	Hanson Larkin is a twin, and his sister Martha resides in Illinois where she is obtaining her doctorate degree in literature. Hanson's educational pursuits have been limited and unsuccessful.

7.	After attempting suicide by jumping off a bridge in Pittsburgh, the Defendant, Hanson Larkin, moved to Florida with his elderly, sick father. They remained together until his arrest. Since his arrest, his father has passed away.

8.	According to Larkin and his mother, Cynthia Stevans, age 66, Hanson suffered physical abuse and bullying when he was in school and discontinued because of that abuse.

9.	According to Larkin and his mother, Cynthia Stevans, a psychiatrist who treated Larkin was verbally abusive to him and elected the use of a medication that caused him to gain over 100 pounds. According to Larkin and his mother, the increased weight caused a deformity they described as "man boobs". Larkin was between the ages of 13 and 16 years.

10.	According to Larkin and his mother, as a result of verbal abuse by the psychiatrist, in Cynthia Stevans' presence, that psychiatrist was terminated.

11. According to Hanson Larkin, his mother physical and emotionally abused him as a child and his father did nothing to impede, thwart, or stop her.

12. Though the Defendant, Hanson Larkin, is "extremely intelligent", learned to play piano classics by ear and to speak Chinese without any training, he is without many social skills or personal hygiene.

13. Undersigned counsel has retained the services of Dr. Merry Haber, a psychologist in the Miami area, to meet with, test, and provide a diagnosis and prognosis for Hanson Larkin.

14. Dr. Haber was retained after the defense received from the Government information that had been downloaded by Larkin onto his cell phone from sites, which, among other things, included: where to purchase firearms, articles about murder-suicide, and photographs of individuals who have been shot. This information obtained by the Government is not restricted to the timeframe of this incident and the Defendant, Hanson Larkins', limited time within the Miami area.

15. None of this Information which the Defendant, Hanson Larkin, downloaded over a lengthy period of time was ever acted upon.

16. It would be contended that this information was sought and reviewed by the Defendant, Hanson Larkin, out of curiosity and particularly when viewing one site, others pop up which often draws the viewer to them, though they were not what was originally sought.

17. Undersigned counsel has orally been provided a tentative oral report by Dr. Haber (the final report is expected to be completed Friday, February 14, 2020).

18. Based upon her preliminary assessment, Dr. Haber believes that the Defendant, Hanson Larkin, is presently suffering from a mental disease or defect for which he is in need of treatment while in custody and at a suitable federal facility.

19. With the Defendant, Hanson Larkin's, permission, counsel will file with the Court, under seal, a copy of Dr. Haber's completed report.

20. Additionally, the Defendant, Hanson Larkin, also under seal, will provide the Government with a copy of Dr. Haber's completed report.

21. Undersigned counsel verily believes that as best as he is able to opine, Hanson Larkin does suffer from a mental disease or defect for which he needs treatment while in custody and at an appropriate, suitable facility.

22. A motion of this nature, specifically under §4244, is to be filed within 10 days of a Defendant being found guilty of an offense, and prior to the time he is to be sentenced.

23. This timeframe limitation could not be met because of the delayed receipt of the information downloaded from the Defendant's cell phone by the Government.

24. Since his inception of representing Hanson Larkin, undersigned counsel has been aware that Larkin suffers from a mental disease or defect based upon documentation from prior institutions. Also from the inception of the representation of the Defendant, Hanson Larkin, undersigned counsel has never felt or received any information or documentation that would lead him to believe that Larkin was either incompetent or insane.

25. The Defendant, Hanson Larkin's, mental disease or defects are not the product of drug abuse or any other behavior undertaken by him. These diseases came with birth and developed over time. Undersigned counsel was not comfortable asserting a good faith motion under §4244 until his concerns were buttressed by a professional, i.e., Dr. Merry Haber (Curriculum Vitae of Dr. Merry Haber will be filed upon receipt).

26.     Undersigned counsel has spoken with Assistant U.S. Attorney Edward Stamm who has no objection, on any grounds, to this motion being filed and no objection to it being granted by the Court.

27.     After a hearing, if this motion were to be granted by the Court and the examiners are of the opinion that Larkin is presently suffering from a mental disease or defect and in need of care or treatment in a suitable custodial facility, and the Court determine and dispose of the case as outlined in 18 U.S. Code, Section 4244(d), the Government has no objection either.

WHEREFORE, the Defendant, Hanson Larkin's, counsel respectfully requests this Honorable Court to order a psychiatric/psychological examination of Larkin be conducted and that a report be generated and filed with the Court pursuant to the provisions of §4247(b) and (c), 18 U.S. Code.  Additionally, if the report includes an opinion by the examiners that Larkin is presently suffering from a mental disease or defect but it is not such as to require his custody for treatment or care in a suitable facility, that report shall also include an opinion by the examiner concerning the sentencing alternatives that would best accord the Defendant the kind of treatment that he does need.

Respectfully submitted,

**LAMBERT LAW**

/s/ Michael H. Lambert

---

**MICHAEL H. LAMBERT, ESQUIRE**
Florida Bar No. 0188156
**BRYAN G. LAMBERT, ESQUIRE**
Florida Bar No. 0097988
428 North Halifax Avenue
Daytona Beach, Florida  32118
(386) 255-0464
Office@LambertLaw.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

Edward Stamm, Assistant U.S. Attorney
Edward.Stamm@usdoj.gov
Maria Medetis, Assistant U.S. Attorney
Maria.Medetis@usdoj.gov
99 NE 4th Street, 8th Floor, Miami, Florida  33132-2131

Respectfully submitted,

**LAMBERT LAW**

/s/ Michael H. Lambert

_____
**MICHAEL H. LAMBERT, ESQUIRE**
Florida Bar No. 0188156
**BRYAN G. LAMBERT, ESQUIRE**
Florida Bar No. 0097988
428 North Halifax Avenue
Daytona Beach, Florida  32118
(386) 255-0464
Office@LambertLaw.us