UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20702-Cr-MARTINEZ/OTAZO-REYES

UNITED STATES OF AMERICA

v.

HANSON RICHARD LARKIN

        Defendant.

_____/

**GOVERNMENT'S RESPONSE IN SUPPORT OF DEFENDANT'S MOTION TO DETERMINE PRESENT MENTAL CONDITION OF CONVICTED PERSON (DE: 27)**

COMES NOW the United States, by and through the undersigned Assistant United States Attorneys, and files this Response in Support Defendant's Motion to Determine Present Mental Condition of Convicted Person (DE: 27), stating as follows:

**The Government Does Not Oppose an Examination Under §4244(b)**

As an initial matter, the government does not oppose the defendant's motion under 18 U.S.C. §4244(a) requesting a psychiatric or psychological examination of the defendant as provided for in §4244(b). The voluminous mental health records previously provided by the defendant, the disturbing deleted internet search history revealed by the enhanced FBI forensic analysis of the defendant's cellular phone, and the representations made by counsel about the preliminary results of the examination he commissioned all appear to provide the necessary basis to order the examination contemplated by §4244(b).

The results of this examination will then provide the mental health assessment

1

needed to allow the Court to meaningfully conduct the hearing on the present mental condition of the defendant that is required under §4244(c). Based on the results of that hearing, this Court will then be able to determine pursuant to §4244(d) whether the defendant should be sentenced to imprisonment, or whether the defendant should instead be committed to the custody of the Attorney General to be committed to a suitable facility for care and treatment of a present mental disease or defect. Under §4244(d), this commitment for care and treatment would constitute a provisional sentence of imprisonment for the five (5) year maximum sentence authorized for the defendant's violation of 18 U.S.C. §875(c).

**Additional Relevant Information**

As the defendant notes in his motion (DE: 27 at ¶¶ 22, 23), a motion under §4244(a) generally is to be filed within ten days of the defendant being found guilty. This case provides a circumstance where the interests of justice support waiving that time limit because the voluminous deleted internet search and web browsing history only became available after the parties could obtain the results of an FBI headquarters-conducted enhanced analysis of the defendant's cellular phone. Moreover, as was explained in the Joint Motion to Continue Sentencing (DE: 25), the internet searches and web browsing history were both troubling and extensive, and it was this new information that led to defense counsel's retention of Dr. Haber to evaluate the defendant (DE: 27 at ¶¶13, 14).

The report detailing this internet search history is over 800 pages long. It reveals a large volume of extremely disturbing and highly relevant internet searches relating to topics including firearms, ammunition, and accessories, deals on firearms, mass murders,

murder suicides, and disfigurement revenge, during the approximately two-month period leading up to, and including, August 24, 2019 (the day the defendant travelled from Deland to Miami); August 25, 2019 (the day he sent the threatening communications that constitute the crime to which he pled guilty); August 26, 2019 (the day he returned to Deland); and August 27, 2019 (the day he was involuntarily committed under the Baker Act by local authorities in Volusia County).

The defendant's decision to hire an expert and start this process after receipt of this new evidence certainly is a reasonable step when this new evidence is looked at in conjunction with the mental health and offense conduct information previously available. Indeed, this new information has caused the government to reconsider its earlier sentencing recommendation of 12 months incarceration, and if this motion is denied, the government will be recommending a sentence higher than 12 months.[1]

It is important to note that the analysis of the defendant's cellular phone only recovered the internet history starting in late June 2019, so all of the information recovered is well within the relevant timeframe leading up to the defendant's criminal activity. In addition, it is believed that the topics searched were searches entered by the defendant, not simply topics that automatically popped up, as contended by the defendant (DE: 27 at ¶16). Regardless, the fact that barely a day passed by without the defendant searching the internet for topics relating to firearms, mass shootings, some sort of murder or disfigurement revenge, or murder suicide, does lend support to defendant's motion for

---

[1] The government has informed defense counsel that it is withdrawing its earlier recommendation and will be seeking a higher sentence than originally requested is sentencing goes forward with the §4244 examination.

3

the evaluation to be done under §4244.

As further support for defendant's motion, 18 U.S.C. §3553(a)(2)(D) states that any sentence imposed also must provide the defendant with needed medical care in the most effective manner. Granting the defendant's §4244 motion furthers the goals of §3553(a)(2)(D) by mandating psychiatric and psychological evaluations of the defendant by the Bureau of Prisons (BOP), followed by any necessary treatment. Given the facts and circumstances of this case, it is the government's position that the §4244 procedure is the appropriate vehicle to fulfill the mandate of §3553(a)(2)(D), since it will allow this Court to better decide whether the defendant is in fact suffering from a mental disease or defect requiring treatment before sentencing, or whether the Court should proceed to

4

sentencing relying on the BOP to provide whatever mental health support it determines is necessary after sentencing.

**WHEREFORE**, the United States respectfully requests that this Court grant defendant's motion under 18 U.S.C. § 4244.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: s/*Edward N. Stamm*
Edward N. Stamm (FL Bar #373826)
Assistant United States Attorney
U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 8th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9164
E-mail: edward.stamm@usdoj.gov

By: *s/Maria K. Medetis*
Maria K. Medetis (FL Bar #1012329)
Assistant United States Attorney
U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 8th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9010
E-mail: maria.medetis@usdoj.gov